## WILLIAM COLE v. CURTIS C. BEAN AND MARY M. BEAN, HIS WIFE.

JUDGMENT AND DECREE MUST BE REVERSED, UNLESS SUSTAINED BY THE PLEADINGS in the case.

DECREE DECLARING DEED TO BE A MORTGAGE IS NOT SUSTAINED by a complaint which asks that such deed be canceled and held for naught, on the ground that the grantor therein named was, at the time of its execution, incapacitated from making the deed, and that the execution of the same was procured by fraud and conspiracy.

APPEAL from the district court of the third judicial district, Yavapai county. The opinion states the case.

*Masterson, Howard,* and *Farley & Pomroy,* for the appellants.

1. The chief principle which addresses itself to the objections in this case, and upon which the appellants principally rely, is, that the *allegata* and the *probata* must agree; that the findings must be based upon the issues as made, and that the decree should be supported by the complaint. It will hardly be required of us to produce authorities to support the proposition relative to the *allegata* and *probata* agreeing; and that the findings and decree must be consistent with and based upon the issues as made and as they appear in the pleadings. We submit, however, the following: 1 Greenl. Ev., sec. 51 et seq., and cases cited; *Green* v. *Covillaud,* 10 Cal. 332, and cases cited; *Green* v. *Palmer,* 15 Id. 411; *Morenhout* v. *Barron,* 42 Id. 605.

2. The appellants claim that the court below erred against these propositions:

*a.* When, against objections, it permitted the question to be asked of the witness C. C. Bean, tending to elicit evidence of a trust, as found on page 76 of transcript, line 2107.

*b.* When it admitted the testimony of D. C. Moreland (against objection), tending to show a trust as given on page 101, line 2820, of transcript.

*c.* When it admitted the testimony of Robert Groom (against objection), tending to show a trust as given on page 103, line 2861, of transcript.

*d.* When it found that the deed was not regarded as an absolute conveyance by either plaintiff or defendant at the time of its execution, nor at the time said defendant Mary M. Bean received it. But that said deed was given and received by both plaintiff and defendants for the purpose of protecting plaintiff from wasting his said interest in said Peck and Occident mines; and for the purpose of preventing plaintiff from deeding any portion of said Peck and Occident mines to persons objectionable to said partnership while plaintiff was so incapacitated by reason of said drunken debauch; and for the further purpose of securing to said partnership any sum which might be due to said partnership by said plaintiff at the time of making said deed. See transcript, page 122, line 3390.

*e.* When it found that the plaintiff was no longer in danger of wasting and squandering his property by reason of said incapacity induced by said drunken debauch; nor of conveying his interest in said Peck and Occident mines to objectionable persons by reason thereof. See transcript, page 122, line 3410.

*f.* When it found that there was a partnership known as the Peck Mining Company, of which said partnership plaintiff was a member. See transcript, page 122, line 3389.

*g.* When it found that said deed was a mortgage to secure to the Peck Mining Company any indebtness by Cole to said company at the date of said deed. See transcript, page 120, line 3347.

3. The respondent, we presume, will doubtless admit the proposition first stated by us, but will contend that the court was justified in the findings under the seventh allegation of the complaint. We propose to confine ourselves to the seventh allegation first, and then to the whole pleadings.

The seventh allegation is as follows: "7. Plaintiff further alleges that he is informed and believes, and so charges the fact to be, that said defendant Curtis C. Bean, for the purpose of inducing plaintiff to make said conveyance, represented to plaintiff that he, the plaintiff, by reason of said intoxication and drunkenness, was incapable of looking after his own interest; that the said defendant Curtis C. Bean was the friend of plaintiff, and advised the plaintiff to make the said conveyance to enable him, defendant Curtis C.

Bean, to protect the interest of plaintiff while plaintiff was so incapacitated to attend to his business as aforesaid, and assigned as a reason why the said conveyance should be made to his wife, that he, the said Curtis C. Bean, was largely in debt beyond his ability to pay, and if the conveyance was made to him, the said Curtis C. Bean, it would subject the property to his debts." See transcript, page 3, line 78.

Is there anything in the allegation that would justify the court in finding and decreeing that the deed known as Exhibit 1, was a mortgage, and to have no other legal effect than as such mortgage, and is hereby declared invalid for all other purposes? See transcript, page 124, line 3441.

Does the seventh allegation set forth that Exhibit 1, although absolute on its face, was intended by the parties and given and received by them as a mortgage? Does it allege that there existed any indebtedness whatever between the said parties, and to secure said indebtedness was given by plaintiff to defendant.

The seventh allegation itself states that these representations, therein set forth as having been made by defendant, were made "for the purpose of inducing plaintiff to make said conveyance."

It does not state that plaintiff was moved to the making of said conveyance by said statements, nor that he delivered said conveyance for the purpose in said statement set forth. The findings state that the conveyance was given and received as a mortgage. Now supposing, for the sake of argument, that the conveyance was received for the purpose in said seventh allegation set out as having been represented to the plaintiff, is there anything saying that it was given for these purposes? Not a word, unless you infer that the representations having been made by the defendant they were acted upon by the plaintiff. But the inferential pleading of a material issue is not permissible; and the giving for this purpose is as material as the receiving. *Campbell* v. *Jones*, 38 Cal. 509.

Let us say that Bean got the worst of the bargain, and that the property proved itself worthless, but that he had already advanced on it money for the benefit of Cole, and he brought suit against Cole for the purpose of recovering

that money, the subject of the mortgage failing: would such an allegation be sufficient to bind Cole? Would it not be demurrable on the ground of not stating facts sufficient to constitute a cause of action, in this, that it is not stated that Cole gave the deed for such a purpose? And if not taken advantage of by demurrer, could it not be raised on the trial, and testimony sought to be introduced to show this objected to, since such a ground of demurrer is never waived? Now, allowing that this allegation does state that the conveyance was both given and received for the purpose therein stated, would those purposes constitute it a mortgage? What is a mortgage? The conveyance of an estate or property by way of pledge for the security of a debt, and to become void on the payment of it. 4 Kent's Com. 136; Bouvier's Law Dict., *verb.* Mortgages.

One of the elements of a mortgage is an existing debt. There is nothing in this allegation that a debt existed, that the plaintiff owed defendant anything, or that he owed anybody else anything. On what in this allegation, then, is the finding of mortgage based? Does it allege anything that would indicate in the remotest way that Exhibit 1 was considered by the pleader as a mortgage, or a deed by way of defeasance, and that he counted on such instrument as such? We submit that the most careful examination of this allegation by the court will fail to find any ear-marks whatever showing that the pleader when he pleaded that allegation intended to plead a mortgage. The complaint must be construed as a whole. *Farish* v. *Coon*, 40 Cal. 53, 54; *Alemany* v. *City of Petaluma*, 38 Id. 557. Construing the pleading, then, as a whole, it not only fails to state, even inferentially, that the conveyance was a mortgage, but absolutely shows that it was not the intention of the pleader to state such, and that such a thought did not enter his brain.

The plaintiff alleges in his complaint that there was no consideration. Could there be a mortgage without a consideration? The debt is the consideration; and the court has found there was a debt for which this deed was given as a security; and this it has found as one of the material issues in favor of the plaintiff, although he not only fails to raise it by his pleadings, but even precludes the possibility of inferring his intention to raise it, since he positively avers

a fact incompatible with such intention, namely, that there was no consideration. *People* v. *Irwin*, 14 Cal. 428, subsequently cited. This averment of the want of consideration bears most strongly against the pleader, and must be taken most strongly against him in this connection. *Bell* v. *Brown*, 22 Id. 671.

The prayer is supposed to contain the relief to which the plaintiff considers himself entitled. In this complaint plaintiff asks for cancellation of the deed, and sets up matter which, if true, would entitle him to cancellation only. This shows that no intention to plead a mortgage was entertained on the part of the pleader. Is this in the nature of a bill to redeem? From the decree one would be led so to believe; only that the case as presented by the findings and decree does not cover all the issues that would naturally have arisen had it been a bill to redeem. A bill to redeem under the facts as presented by the plaintiff in this case should allege that the deed, absolute on its face, was a mortgage; that the debt it was intended to secure was a debt due the Peck Mining Company; and either alleging that debt to be a fixed amount, or asking for an accounting to have it fixed; and also alleging that it had been paid, or alleging a readiness and willingness to pay it; in other words, an offer to redeem. Were the case before us on such a pleading, we would further claim that a tender should have been alleged. *Hughes* v. *Davis*, 40 Cal. 117.

But as it is not before us, even on such a pleading as above sketched, *a fortiori* the question as to whether it was a mortgage on the present pleading could not be entertained. In this case nothing has been done except to declare it a mortgage, and that mortgage given to secure a debt due the Peck Mining Company—nothing as to how much the debt was; nothing as to whether it has been paid, or shall be paid, or what shall be done with the property. Here is dealing out equity by piecemeal, contrary to the well-settled rule, that a decree should cover the whole subject-matter, and leave nothing open for future litigation. *Hughes* v. *Davis, supra.*

But we may be told that all this could not be done under the pleadings: no more, then, could a part of it. There is nothing in the pleadings setting forth that there existed a

company or partnership known as the Peck Mining Company; nor that the plaintiff, Cole, was indebted to that company. The court not only found a partnership, but found a debt for which the conveyance in question was given.

If it could admit evidence to show that a debt existed, and find it did exist, without any such allegation being in the pleadings, why could it not have stepped further, and found how much that debt was, and whether it had been paid, or was now due? It was material—absolutely necessary—to find that a debt existed, in order to find that the conveyance was intended to secure that debt. *People* v. *Irwin*, 14 Cal. 428.

If it could take one step outside of the pleadings to admit evidence, and lay down a finding on a material point, why could it not take another, and find on all the matters that we have before enumerated as properly coming in under a bill of redemption? True, the departure from the issues actually raised would be more glaring; but the principle involved has been none the less violated by what has been done. If this court should support this decree and the findings under the pleadings, then it should remand the cause for further proceeding, that is, to have the debt ascertained—whether it is paid, or due and owing, etc.—following the departure to its logical termination.

And here, naturally, comes in the question of costs. The court erred in adjudging costs against the defendants. Had this been a bill for redemption, reciting the matters we have before set out, the plaintiff might have had an accounting, but the costs would have been his. *Daubenspeck* v. *Platt*, 22 Cal. 330.

If the plaintiff had pleaded a certain amount due on the mortgage and a tender of that amount, and the defendant on accounting had failed to recover more than from analogous cases, it might be adjudged that he should pay the costs. But on what principle are the costs charged to the appellants? By our statute, costs go to the prevailing party as of course on a judgment in his favor. Who has had in this instance a judgment in his favor?

One, in substance, declares the deed void; and the other, in substance, denies that it is and it has been adjudged a mortgage. In whose favor does that come nearer being a

judgment? We submit, in favor of him who declared the deed not void.

*John A. Rush*, for the respondent.

Upon the first question of error raised by the record and statement on appeal, there can be, it seems to us, no need of argument to satisfy this court that the court below did not commit error for the reasons:

1. That the appellants' counsel seem to have abandoned it here, as they make no argument to sustain it.

2. That it is a well-settled rule that a defendant can not ask as a matter of right that the plaintiff be nonsuited upon the closing of his case if there is any evidence tending to establish the allegations in the complaint; and in the case at bar, it appears not only from the testimony of Cole, Wells, Crane, and Ellis that the plaintiff had established a *prima facie* case, but the appellants in their " statement on appeal " say that evidence had been introduced prior to their motion for new trial tending to establish plaintiff's case. *Ringgold* v. *Haven et al.*, 1 Cal. 108; *Masten* v. *Griffing*, 33 Id. 111; *McKee* v. *Greene*, 31 Id. 418; *De Ro* v. *Cordes*, 4 Id. 117; *Cravens* v. *Dewey*, 13 Id. 40; *Wilkinson* v. *Scott*, 17 Mass. 249.

3. That defendants waived their motion by introducing evidence in defense of plaintiff's case. *McGregory* v. *Prescott*, 5 Cush. 67.

As to the allegations of error growing out of the defendants' exception to the action of the court below in overruling their objection to certain questions asked defendant Bean and witnesses Groom and Moreland, they may all be discussed together; for if it was competent under the issue made by the pleadings to ask defendant Bean the question put to him, then, as a matter of course, it was competent to contradict his answer by other testimony by way of impeachment, and we believe that appellants' counsel do not controvert this principle, but claim that the error originated when the question was allowed to be put to Bean.

Now, if in the pleadings in this case the defendants had simply denied each and every material allegation of plaintiff's complaint, and had stopped there, and had in their affirmative testimony simply and only gone into the question

of the condition of Cole when making the deed, there might have been some force in the objection of counsel to the question put to Bean; still, even in that case, we are of the opinion that the seventh allegation in plaintiff's complaint would have justified the question, and the ruling of the court would have still been proper; but when we look at the answer of the defendants, and at the evidence which they had put in opposition to plaintiff's case by this same witness Bean, the action of the court below was so unquestionably right as hardly to need argument to sustain it. Bean had in his examination in chief testified at length, not only as to the making of the deed and the circumstances connected therewith, but had also gone into the consideration of the deed, and testified that the consideration of the deed was certain debts of Cole which Mrs. Bean was to assume and pay as the sole and absolute consideration of the deed. This being the state of the case, what more clearly competent question could be put by way of cross-examination than to ask if he had not, soon after the deed was made, made statements showing or tending to show a different state of facts than what he had just testified to? The testimony in chief having been put in by them, they can not now say that it was irrelevant, and that consequently testimony tending to contradict it was irrelevant and incompetent. We think this enough on this point, especially as appellants' counsel seem to put but little stress upon these assignments of error.

We now come to the main, and we think the only real, question in the case. Does the case as it stands, when submitted to the judge for decision, support the findings and the decree rendered therein?

We will now discuss this proposition as it would stand upon the pleadings alone, and first upon the complaint in and of itself, and insist that, taking the whole complaint together, and giving the true force and effect to the seventh allegation thereof, it authorized to go into the question and to find that this deed was not an absolute one, as such fact is fairly charged in the seventh allegation of the complaint; and if it could find that the deed was not an absolute one, it follows as a necessity, that it could go further and find upon what terms and conditions it was made; and, second, if there is doubt upon the case as made by the complaint, is not that

doubt at once removed when we consider also the answer of the defendants? In their answer they not only failed to sufficiently deny the allegations of the complaint (their denials being in the conjunctive and in the language of the complaint), but they go on and allege affirmatively propositions showing that the deed was given for a valuable consideration, and that full payment had been made therefor, etc. Now, under our statutes and practice, each of these affirmative allegations is considered as controverted and in issue (Comp. Laws, 396, sec. 65); and having so alleged this affirmative matter, it clearly authorized the court to go into the question of the facts relating to the making of the deed and the consideration therefor, and to decree in relation thereto.

But we go still further, and say that even if the pleadings were not sufficient to have sustained the findings and decree, still if the defendants had allowed without objection testimony to be introduced which would do so, then this court will not disturb the decree made. *Marshall* v. *Ferguson*, 23 Cal. 66; *Campbell* v. *Jones*, 38 Id. 509 (cited by appellants). And if this is true as to evidence of plaintiff introduced without objection, *a fortiori* must it be true as to evidence put in by defendants themselves; and as in this case the only evidence in the record objected to by defendants was (as already shown) the direct and logical consequence of their own evidence, we must for the purpose of determining the present inquiry consider the entire evidence in the record as there without objection.

The only question yet to be discussed is this, Does the evidence in this case sustain the findings and decree? In this connection, we ask the court to consider the case as presented by the entire record, and especially the consideration and object for which this deed was made, as evidenced by the admissions of defendant Bean, as proved by witnesses Groom, Moreland, Bowers, and others, and it will clearly appear that the evidence before the court amply warranted the entire findings of the court and the decree entered thereon. We further say, that if we can only look to the pleadings unaided by the proofs, then, as we have before shown, the court was still authorized by the seventh allegation of the complaint to find that the deed was not an abso-

lute one. This the counsel for appellants do not seriously deny, but make their great objection to that part of the findings and decree holding said deed to be a mortgage. If we could not look at the evidence at all, there might be some force in this position; and yet, as we have before stated, it would seem that the right to go into the consideration at all would carry the right to go into a full investigation thereof. But assuming that part of the decree to be erroneous, can the appellants take any advantage thereof? We think not, as that part of the decree is favorable to them.

Again, we say that, so far as interpreting the evidence in this case is concerned, it appears from the examination in chief of defendant C. C. Bean that he knew of Cole's habit of getting drunk and squandering his property, and that he, Cole, had been so doing only a short time before he made the deed in question. This being the case, all the facts and circumstances in connection with the transaction will be interpreted most strongly against appellants, and if any advantage was taken of Cole in the transaction, that alone would be sufficient ground for setting aside the deed. 1 Story's Eq. Jur., sec. 237–239.

Further, we submit that the finding of facts by the court would have justified it in holding as a matter of law that the deed was absolutely void; and if this is true, appellants can not complain because one more favorable to them has been entered. 1 Story's Eq. Jur., sec. 237.

To sum up all the propositions in the case, we insist that the pleadings and the evidence in the case without objection amply warranted the finding of fact and law as found by the court below, and that, if any fault can be found with the decree, it is that it is too favorable to the appellants; and it is clear that they can not have a reversal on that account.

But appellants raise an incidental question as to costs, and urge that even if the decree were warranted, they, and not the plaintiff, should have been allowed costs; and if it had not been alleged that plaintiff had sought to have a reconveyance and defendant refused it, alleging absolute ownership, there might be some force in the position. But as it appears from this case that defendant C. C. Bean by his statement and acts made the suit necessary, therefore he should pay costs.

A tender is not necessary in such a case as this, but if it was, a tender is always obviated when the party to whom the tender should be made so acts as to show that a tender would be useless; and that is the situation in this case.

We do not understand appellants to insist that a tender was necessary in order that this action might be sustained, but if they do, the case of *Daubenspeck* v. *Platt*, 22 Cal. 330, is decisive against them.

Evidence to controvert the answer is just as competent as that to support the complaint. *People* v. *Irwin*, 14 Cal. 437.

We further maintain that the pleadings and proofs warranted the court in finding that Cole at the time of making the deed was incapacitated by drunkenness from taking care of his own property. That he deeded the property for the purpose of protecting himself from wasting his property while thus incapacitated, and at the restoration of his capacity to take charge of his business. That if the court below erred in finding the deed to be a mortgage and so decreed, this court will correct the judgment, and enter such decree as the court below should have entered.

By the Court, FRENCH, C. J.:

Neither the judgment nor decree in this case can be sustained under the pleadings. The plaintiff by his complaint asks that a certain deed from plaintiff to Mary M. Bean, wife of Curtis C. Bean, be canceled and held for naught, on the grounds that he was incapacitated at the time of its execution, and that the execution of the same was procured by fraud and conspiracy, and asks also an injunction against defendants Bean and his wife pending the action.

The answer does not properly deny some of the allegations of the complaint. But no objection to any of these imperfect denials appears to have been taken by the plaintiff, and evidence was introduced by plaintiff in support of the allegations of the complaint in the same manner and to the same extent as would have been done if all the denials in the answer had been perfect. At the close of plaintiff's testimony, defendant moved for a nonsuit, which the court denied. There was no error in this denial. The motion for nonsuit was frivolous. The testimony first introduced

by plaintiff in support of his complaint was strictly and en-
tirely correspondent to its allegations, and tended strongly
to support the same, making a formidable *prima facie* show-
ing in the case.   But afterwards the evidence takes another
and different line, not included in the issues, or responsive
to the allegations of the complaint.   There must be sub-
stantial correspondence between the allegations and the
evidence.   But throwing all the evidence, with the objec-
tions to the same, out of the record in this case, the incom-
patibility of the pleadings with the findings and decree still
confronts us.

It was not necessary for a reversal that the evidence and
the voluminous transcript in this case should have been
brought up.   If the pleadings, findings, and decree only had
been brought here, a reversal must have resulted.   Even on
the judgment roll alone the error fully appears.   The com-
plaint does not support the decree.   In the findings and
decree, the instrument sought to be set aside by plaintiff's
complaint is found to be a mortgage executed to a married
woman, the wife of Bean, to secure indebtedness to other
persons or parties.

Leaving out of view all questions of the conformity of the
pleadings to the case made by the evidence, the pleadings,
findings, and decree in this case are not only inconsistent
with the issues made by the pleadings, but are also incon-
sistent with each other; and viewing the findings and decree
separately and without any relation of the one to the other,
each of them is inconsistent with itself.   On page 116 of the
transcript, the complaint in the case and also the deed from
plaintiff to Mrs. Bean are both made a part of the findings,
as follows: "Which said complaint and said exhibit [the
deed above mentioned] is made a part of the findings herein
and a part hereof."   This is entirely inconsistent with the
findings of the judge in the case.

It is a part of the duty of attorneys to see that the find-
ings are within the issues, and that the judgment or decree
be supported by both the pleadings and the findings.   This
seems to have been either overlooked or entirely lost sight
of for the time being by the learned counsel of respondent
in the latter part of the proceeding in the court below.
The learned judge of that court seems to have been intent

on doing no injustice to any party, but substantial justice to all. The decree was not drawn in accordance with the findings, although expressly ordered by him at the close of his findings to be so made. The cause has been ably argued on both sides at the bar of this court, especially so on the part of respondent; but on the grounds stated above, the findings must be set aside, and the judgment and decree reversed and cause remanded for a new trial, and it has been so ordered.

The associate justices concurred.